UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DAVID ANGEL SIFUENTES, III,

        Petitioner,

v.

JOHN PRELESNIK,

        Respondent.
_____/

Case No. 1:25-cv-1214

Honorable Paul L. Maloney

## OPINION

This is a habeas corpus action brought by a former state prisoner under 28 U.S.C. § 2254.

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). The present petition is properly dismissed for lack of jurisdiction.

**I.**　**In Custody**

Under 28 U.S.C. § 2254(a), district courts have jurisdiction to entertain petitions for habeas corpus relief "only from persons who are *in custody* in violation of the Constitution or law or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (internal citation and quotation marks omitted). "[T]he habeas petitioner must be 'in custody' under the conviction or

sentence under attack at the time his petition is filed." *Id*. (citing *Carafas v. Lavallee*, 391 U.S. 234, 238 (1968)). Except in limited situations not relevant here, the custody requirement is not met if the petitioner files his habeas corpus petition after the sentence imposed for the challenged conviction has "fully expired." *See id*. at 493–94; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Steverson v. Simmers*, 258 F.3d 520, 522–25 (6th Cir. 2001).

The Sixth Circuit Court of Appeals has applied these principles to Petitioner as follows:

> "The statute that authorizes district courts to entertain state prisoners' habeas petitions expressly limits their jurisdiction to petitions filed by persons 'in custody pursuant to the judgment of a State court.'" *In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018) (quoting 28 U.S.C. § 2254(a)); *see also Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018) ("This language is jurisdictional: if a petitioner is not 'in custody' when she files her petition, courts may not consider it."). And Sifuentes was not in prison when he filed his amended § 2254 petition in 2020; his 2001 sentence of five to fifteen years was expired. Sifuentes "was released on parole on Ma[]y 26, 2009, and subsequently discharged from parole." Sifuentes v. Prelesnik, No. 1:03-cv-637, slip op. at 1 (W.D. Mich. Feb. 17, 2021) (order). He does not allege that he was still serving a term of parole, *see Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam), or that he was otherwise subject to any "severe restraints on [his] individual liberty," *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973), that would satisfy § 2254(a)'s "in custody" requirement when he filed his amended habeas petition. Therefore, we lack jurisdiction . . . .

*In re David Angel Sifuentes*, No. 20-2212, Order at pp. 2–3 (6th Cir. June 7, 2021). This Court, likewise, has no jurisdiction to consider a habeas petition from a person who is no longer in custody. Therefore, the petition is properly dismissed.[1]

## II.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[1] "[D]ismissals for lack of jurisdiction should generally be made without prejudice." *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005). The Court will proceed accordingly.

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court resolved Petitioner's § 2254 petition on the procedural ground that the Court lacks jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. The Court finds that reasonable jurists

3

could not debate that the Court lacks jurisdiction because Petitioner is not in custody; therefore, the Court denies Petitioner a certificate of appealability.

Petitioner is well-aware that he is not in custody and that this Court has no jurisdiction over his request for habeas relief. Therefore, for the same reason that the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability and denying Petitioner's motion to appoint counsel.

Dated:   December 29, 2025                    /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge